■ GLOBAL BUSINESS INSTITUTE, Respondent, v RIVKIN RADLER LLP, Appellant. [958 NYS2d 41]—

"An action for legal malpractice requires proof of three elements: (1) that the attorney was negligent; (2) that such negligence was a proximate cause of plaintiff's losses; and (3) proof of actual damages" (*Brooks v Lewin*, 21 AD3d 731, 734 [1st Dept 2005], *lv denied* 6 NY3d 713 [2006]). "[T]he failure to show proximate cause mandates the dismissal of a legal malpractice action regardless of whether the attorney was negligent" (*Wo Yee Hing Realty Corp. v Stern*, 99 AD3d 58, 63 [1st Dept 2012] [internal quotation marks omitted]).

In this action for legal malpractice, defendant met its burden on summary judgment of "showing an absence of proximate

cause" between the alleged negligence and plaintiff's losses (*Levine v Lacher & Lovell-Taylor*, 256 AD2d 147, 151 [1st Dept 1998]). The documentary evidence establishes that plaintiff and defendant, the firm that represented plaintiff in the negotiation and drafting of the lease, requested that the landlord agree to utilizing a later base year than 2004/2005 for real estate tax escalation and the landlord refused. The documentary evidence also establishes that plaintiff knowingly accepted the landlord's terms on this issue. In addition, defendant demonstrated that the landlord would not have agreed to an additional penalty beyond deferment of rent for late completion of the construction required for plaintiff to use the premises for its business.

Plaintiff failed "to demonstrate a material issue of fact on the question of proximate cause" (*Levine*, 256 AD2d at 151). Notably, neither of plaintiff's experts contradicted defendant's expert's testimony that, at the time the subject lease was being negotiated, the real estate market strongly favored landlords.

Plaintiff's claim that it would have pursued alternative space is speculative and therefore insufficient to establish that defendant's malpractice, if any, was a proximate cause of plaintiff's loss (*see Brooks*, 21 AD3d at 734-735). Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.